**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

─────────

**No. 17-6549**

─────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

KENNETH ROSHAUN REID,

                Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Cameron McGowan Currie, Senior District Judge.  (0:04-cr-00353-CMC-1)

─────────

Submitted:  July 20, 2017                             Decided:  July 25, 2017

─────────

Before DUNCAN and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────

Affirmed in part; dismissed in part by unpublished per curiam opinion.

─────────

Kenneth Roshaun Reid, Appellant Pro Se.  William Kenneth Witherspoon, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Roshaun Reid has noted an appeal from the district court's April 12, 2017, order denying his motion for copies of trial transcripts and jury notes and motion to appoint counsel and the court's May 3, 2017, order construing his letter challenging his conviction under 18 U.S.C. § 924(j) (2012) as a motion for reconsideration of the April 12 order and dismissing the motion without prejudice for lack of jurisdiction.

With respect to the appeal of the April 12 order, we confine our review to the issues raised in the Appellant's brief. *See* 4th Cir. R. 34(b). Because Reid's informal brief does not challenge the bases for the district court's disposition, Reid has forfeited appellate review of the court's order. *See Williams v. Giant Food Inc.*, 370 F.3d 423, 430 n.4 (4th Cir. 2004). Accordingly, we affirm the district court's order. *United States v. Reid*, No. 0:04-cr-00353-CMC-1 (D.S.C. Apr. 12, 2017).

With respect to the May 3 order, we conclude that Reid's letter challenging his § 924(j) conviction was in substance a successive 28 U.S.C. § 2255 (2012) motion. The May 3 order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the

2

dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Reid has not made the requisite showing. Reid's letter challenged the validity of one of his convictions and should have been construed as a successive § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). In the absence of pre-filing authorization from this court, the district court lacked jurisdiction to hear a successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3) (2012).

Accordingly, we deny a certificate of appealability and dismiss the appeal of the May 3 order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART*;
*DISMISSED IN PART*